# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAC NICHOLAS RENTERIA,<br><br>            Petitioner,<br><br>    v.<br><br>BEN CURRY, Warden<br><br>            Respondent.<br>_____/ | 1:08-cv-01209-DLB (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>[Doc. 3]<br><br>ORDER DIRECTING PETITIONER TO FILE STATUS REPORTS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 18, 2008, along with a motion to stay the proceedings and hold the petition in abeyance pending exhaustion of state remedies.  (Court Docs. 1, 3, 4, 5.)

## DISCUSSION

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court

determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court finds good cause to excuse Petitioner's failure. Petitioner indicates that he is still within the statute of limitations and has demonstrated diligence in pursuing his remedies. In addition, it appears that Petitioner has not previously sought post-conviction collateral relief in the state courts; therefore, his only opportunity at presenting his claims has been through his appointed appellate counsel. Petitioner contends his trial counsel and appellate counsel were ineffective, and challenges to the effective assistance of counsel are normally brought in collateral attacks on the conviction and not in direct review.  Therefore, the Court will grant a stay of the proceedings.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277.  Petitioner must inform the Court no later than thirty (30) days after the date of service of this order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[1]  Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every ninety (90) days thereafter as to the status of the state court proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion for leave to amend the petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within **thirty (30)** days of the date of

---

[1] The filing should be titled: "Status Report."

2

1 service of this order advising the court of the cases that have been filed in state court, the date the
2 cases were filed, and any outcomes;
3    4.  Petitioner is DIRECTED to file a new status report every **ninety (90)** days after filing
4 his initial status report; and
5    5.  Petitioner is GRANTED **thirty (30)** days time following the final order of the state
6 courts in which to file a final status report.
7    IT IS SO ORDERED.
8    **Dated:    August 25, 2008**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE